IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ALMA ROSA CASARRUBIAS CHINO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:06cv256 (JCC) |
| ) | |
| D & T TRUCKING COMPANY, INC. ) | |
| ) | |
| Defendant. ) | |

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant's motion to dismiss the complaint or, in the alternative, to transfer venue. For the reasons stated below, the Court will grant Defendant's motion to dismiss.

### **I. Background**

This case involves events surrounding a motor vehicle accident that occurred in Ohio on December 26, 2004. Richard Wallace was traveling east on Interstate 80 in Fulton County, Ohio and operating a 2000 International tractor towing a commercial trailer, which was allegedly owned by D & T Trucking Company. Wallace had stopped the vehicle on the shoulder of the highway; Plaintiff alleges that part of the vehicle was still in contact with the white fog line marking the boundary between the shoulder and the outside travel lane. When Wallace's vehicle was in this position, Alma Rosa Casarrubias Chino and Bricio

Gutierrez Factor were passengers in a 1990 Chevrolet van also traveling east on Interstate 80. The van collided with the trailer; Casarrubias sustained permanent injuries, and Factor sustained fatal injuries.

On March 8, 2006, Plaintiff Alma Rosa Casarrubias Chino filed a complaint. On April 10, 2006, Defendant, D & T Trucking Company, Inc. ("D&T Trucking"), filed for a motion to dismiss for lack of personal jurisdiction and an alternative motion to transfer venue to Ohio. This motion is currently before the Court.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(2) permits dismissal of an action where the court lacks the requisite personal jurisdiction. To establish jurisdiction over a non-resident, this Court must first consider whether jurisdiction is authorized by Virginia law. Then, having found statutory authorization, the Court must consider whether the exercise of personal jurisdiction is consistent with traditional notions of fair play and due process. *See Ellicott Mach. Corp. v. John Holland Party Ltd.*, 995 F.2d 474, 477 (4th Cir. 1993); *Blue Ridge Bank v. Veribanc, Inc.*, 755 F.2d 371, 373 (4th Cir. 1985). Virginia's long-arm statute extends personal jurisdiction to the fullest extent permitted by due process. *See English & Smith v. Metzger*, 901 F.2d 36, 38 (4th Cir. 1990). It may, however, be

possible for the contacts of a non-resident defendant to satisfy due process but not meet the specific grasp of a Virginia long-arm statute provision.  See *DeSantis v. Hafner Creations, Inc.,* 949 F. Supp. 419, 423 (E.D. Va. 1996).  As always, the plaintiff bears the burden of demonstrating personal jurisdiction by a preponderance of the evidence once its existence is questioned by the defendant.  *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

### III. Analysis

Defendant argues in its motion to dismiss that this Court lacks personal jurisdiction over it, and therefore that the case should be dismissed.  To establish jurisdiction over a non-resident, the Court must first determine if there is statutory authorization, then determine if finding personal jurisdiction comports with the requirements of the due process clause. Plaintiff purports that the Court has specific personal jurisdiction over this Defendant by pointing to the statutory authorization in Virginia Code § 13.1-758, which permits substituted service of process in Virginia upon a foreign corporation which transacts business in the state without a certificate of authority.  While § 13.1-758 is blatantly not a jurisdictional statute, Plaintiff states that "this Court has previously recognized that the predecessor statute to § 13.1-758 . . . can be the basis for the exercise of personal jurisdiction

over a foreign corporation even where such personal jurisdiction could not be obtained under the Virginia long arm statute." (Plf.'s Opp. 2.)  In support, Plaintiff cites *Pennington v. McDonnell Douglas Corp.*, 576 F. Supp. 868, 871 (E.D. Va. 1983).

*Pennington* involved a foreign corporation defendant who manufactured ejection seats in aircrafts.  *Id.* at 869.  The defendant had two agents residing in Virginia, and the ejection seats were repaired and maintained by the Naval Air Rework Facility in Norfolk, Virginia.  *Id.* at 870.  In contemplating the first element of personal jurisdiction, statutory authorization, the court in *Pennington* stated that "[a]lthough the plaintiff cannot avail herself of the long arm statute, personal jurisdiction over [the defendant] can still be accomplished pursuant to Title 13 of the Virginia Code."  *Id.* at 871.  The title and section the court refers to in *Pennington* is the predecessor section to the section Plaintiff attempts to use in the present case regarding service of process for corporations who transact business within the state without a certificate of authority.  The *Pennington* court stated that even though the long-arm statute does not apply, "[t]he corporation which engages in business in the Commonwealth so as to enjoy the protections of its laws thereby subjects itself to the jurisdiction of the Commonwealth."  *Id.* at 872.

This Court is not willing to circumvent the requirement of having statutory authorization for procuring personal jurisdiction over a defendant.  First, this Court can find no published case law that has followed the conclusion in *Pennington*.  While this alone may not be reason to ignore its holding, the fact that the cases are readily distinguishable certainly does.  D&T Trucking has no agents residing in Virginia, nor does it have any warehouse or office space to conduct any of its business in Virginia.  Furthermore, the Defendant in the present case does not dispute jurisdiction in another forum, namely Ohio.  The instant case presents no justifications for ignoring the Virginia long-arm statute.

Furthermore, the Plaintiff also does not meet the requirements of the second element of establishing jurisdiction, namely comporting with the due process clause; thus, this Court cannot claim personal jurisdiction over the Defendant.  The "due process analysis starts with the minimum contacts inquiry: The constitutional touchstone of the determination whether an exercise of personal jurisdiction comports with due process remains whether the defendant purposefully established minimum contacts in the forum state."  *Ellicott Mach. Corp.*, 995 F.2d at 477 (internal citations and quotations omitted).  Importantly, "'once it has been decided that a defendant purposefully established minimum contacts within the forum State, these

-5-

contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

Plaintiff rightly emphasizes that a "nonresident corporation consents to jurisdiction in a state's courts by actually doing business in that state." *Reynolds & Reynolds Holdings, Inc. v. Data Supplies, Inc.*, 301 F. Supp. 2d 545, 551 (E.D. Va. 2004). The affidavit of Jim Walker, Director of Safety and Compliance of Defendant, states that out of 15,942 total pickups and deliveries in 2005, Defendant had only eighteen combined pick ups and deliveries in Virginia that year. Thus, 0.11 percent of the total 2005 pickups and deliveries for Defendant occurred in Virginia. Similarly, of the 12,489,962 miles driven by drivers for Defendant doing pickup or delivery work in 2005, only 10,587 miles were driven in Virginia. In other words, 0.08 percent of the miles driven by Defendant drivers in 2005 were in Virginia. Plaintiff cautions the Court that percentages can be misleading and encourages the Court to focus on the absolute amount of contacts. Even so, the absolute amount of Defendant's contacts with Virginia are inadequate for establishing jurisdiction. An average of one and a half pickups or deliveries a month in Virginia does not suggest that Defendant is availing himself of the protections of that state's laws and,

in return, consents to jurisdiction in that state's courts as to the business it conducted. Nothing about these numbers suggests continuous and systematic activities in Virginia. It would offend the notions of fair play and substantial justice to find this Court has personal jurisdiction over the Defendant. Finally, the fact that the present claims have no connection to the Defendant's contact with Virginia only bolsters this Court's inclination to grant the motion to dismiss.

## IV. Conclusion

For the reasons stated above, the Court will grant Defendant's motion to dismiss. An appropriate Order will issue.

May _8__, 2006  _____/s/_____
Alexandria, Virginia                James C. Cacheris
                         UNITED STATES DISTRICT COURT JUDGE